7/23/07

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES D. EASLEY, JR.                                    PLAINTIFF

vs.                                                No. 1:06CV291-D-D

LOWE'S HOME CENTERS, INC.                                 DEFENDANT

## OPINION DENYING MOTION TO REMAND

Presently before the court is the Plaintiff's "Objection to Removal," treated herein by the court as a motion to remand this matter to the County Court of Lowndes County, Mississippi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

### A. Factual Background

The Plaintiff filed this action in the County Court of Lowndes County, Mississippi, on April 11, 2006, asserting state law claims for negligence against the Defendant in connection with injuries the Plaintiff states he suffered as a result of a fall while on the Defendant's premises in Columbus, Mississippi, on April 28, 2003. The Defendant subsequently removed the case to this court, asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiff requested that the court remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiff, the court does not possess subject matter jurisdiction over this action.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the removing defendant can meet its burden, a plaintiff may normally

avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294 (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that she will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

For the reasons set forth below, the court finds that the Plaintiff's contentions concerning remand are incorrect. The Defendant has met its burden of establishing the existence of federal diversity jurisdiction, and the Plaintiff's motion to remand this cause shall therefore be denied.

### C. Discussion

According to the ad damnum clause in his complaint, the Plaintiff in this action does not seek damages in excess of $75,000.00.[1] During discovery in state court, however, the Plaintiff was propounded a set of Requests for Admissions directly addressing the issue of damages. In his

---

[1] The ad damnum clause in the complaint states that the Plaintiff demands judgment "in an amount less than $74,000 in total damages . . ." See Complaint at 2.

3

responses, the Plaintiff specifically denied that he was not seeking to recover damages in excess of $75,000 and denied that he would agree to remit any award of more than $75,000 down to that amount post-verdict.

It is now axiomatic that when a plaintiff fails to admit or stipulate that he will not accept more than $75,000 in damages, a federal court may deem that failure to be sufficient proof that the amount in controversy exceeds $75,000 and that the federal diversity jurisdictional amount is therefore satisfied. Fields v. Household Bank, 280 F. Supp. 2d 530, 532 (N.D. Miss. 2003); Blount v. Hardcastle, No. 2:04CV203-P-A, 2006 WL 278567 (N.D. Miss. Jan. 5, 2006); Holmes v. Citifinancial Mortgage Co., 436 F. Supp. 2d 829 (N.D. Miss. 2006); see also McLain v. American International Recovery, 1 F. Supp. 2d 628 (S.D. Miss. 1998) (describing procedure utilized by Defendant in case *sub judice* as valid procedure that defendants can utilize to satisfy federal jurisdictional amount).

In light of the Plaintiff's refusal to stipulate that the amount in controversy in the case *sub judice* is less than $75,000.00, the court finds that the Defendant has met its burden of establishing the existence of federal diversity jurisdiction; thus, the Plaintiff's "Objection to Removal" is not well taken and shall be denied.

*D. Conclusion*

The court holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is present - the matter in controversy exceeds the sum of $75,000.00 and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and

the Plaintiff's motion to remand is denied.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of July 2007.

/s/ Glen H. Davidson
Senior Judge